IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO RAMOS SANTOS | * |
| Plaintiff | * |
| vs. | *  CIVIL NO. 96-1979 (JP) |
| WILFREDO RAMOS TIRADO, et al. | * |
| Defendant | * |

### INITIAL SCHEDULING CONFERENCE ORDER

**I. INTRODUCTION**

The parties met with the Court on July 3, 2000, for an Initial Scheduling Conference, represented by counsel: Ramón E. Dapena, Esq., and Rosalie Irizarry Silvestrini, Esq., for Plaintiff and Gloria Robison Guarch, Esq., for Defendants.

**II. AGREEMENT OF THE PARTIES**

1. Plaintiff is an inmate of the Division of Corrections of the Commonwealth of Puerto Rico, incarcerated at the Maximum Security Section of the Ponce Correctional Complex, known as "Las Cucharas" prison.

2. Defendants Natanael Ruiz Vázquez and José Feliciano Suárez were custody officials.

3. Defendant William Torres Santiago was the Superintendent of Maximum Security.

4. Defendant Iboll Martínez was the Manager of the complex.

5. Defendant José Castellar Pacheco was the Interim Manager.

6. Defendant Zoé Laboy was the Corrections Administrator.

CIVIL NO. 96-1979 (JP)                              2

      7. Defendants Wilfredo Ramos Tirado, Marcelino Rivera Alicea, and Joel Cabá Caraballo are officers of the Corrections Administration of the Commonwealth of Puerto Rico stationed at the Ponce Correctional Complex.

      8. On or around June 2, 1996, early in the morning, Ramos was in his cell at the Ponce Correctional Complex when Defendants Ruiz Vázquez and Feliciano Suárez went to his cell demanding or requesting that he relinquish a cellular phone.

      9. Ramos denied having a cellular phone and replied that it was too early for jokes.

      10. Ramos allowed the custody officers to search his room.

      11. Defendants Ruiz Vázquez and Feliciano Suárez left the cell and shortly thereafter returned with a group of custody officers.

      12. Ramos was beaten and suffered injuries.

      13. Ramos was taken to the medical area to receive medical attention.

      14. Ramos received medical attention after the incident.

      15. Ramos filed claims against some of the named Defendants.

      16. Ramos is incarcerated for murdering two people. Plaintiff, however, contest the admissibility of this fact as evidence on the grounds of relevancy.

      17. On April 24, 1997, ten months after the first incident, another incident occurred at the Ponce Maximum Security Prison involving the Plaintiff.

CIVIL NO. 96-1979 (JP)                    3

### III. **PLAINTIFFS' ALLEGATIONS**

Plaintiff's allegations are set forth in his ISC Memorandum and are hereby incorporated by reference.

### IV. **DEFENDANT'S ALLEGATIONS**

Defendants' allegations are set forth in their ISC Memorandum and are hereby incorporated by reference.

### V. **PRELIMINARY ORDERS**

1. Plaintiff shall be present at the depositions taken in the Correction Facility. He may be removed from the area of depositions if his behavior becomes unruly or disruptive.

2. Plaintiff shall produce the reports of his expert witnesses on or before January 18, 2001.

3. Defendants shall produce the reports of their expert witnesses on or before January 19, 2001.

### VI. **WITNESSES**

A. Plaintiff: the witnesses for Plaintiff have been included in his memorandum. The Court hereby incorporates his list by reference.

B. Defendants: the witnesses for Defendants have been included in their memorandum. The Court hereby incorporates their list by reference.

Additional witnesses will not be allowed because this will create undue prejudice to the opposing party. If any party wishes to use any additional witnesses, it will be discretionary with the

CIVIL NO. 96-1979 (JP)                              4

Court, provided that the parties state in writing on or before **February 2, 2001,** the following information regarding each additional witness: name and address with a short statement as to the subject matter of their testimony, and proof that the names of these witnesses, or the fact that their testimony was decidedly material, was not known at the time of this Initial Scheduling Conference, and the reason why they were not known. In the case of a proposed expert witness, the party requesting leave to amend the witness list shall also provide the expert's report to the Court and to the defendant within two weeks of the request, which must include all the information specified in Rule 26(2)(B) of the Federal Rules of Civil Procedure and any information requested in the Initial Scheduling Conference Call. If any party decides not to use a witness listed herein at trial, it shall notify all other parties at least fifteen days before trial. Failure to provide such notice may result in sanctions, including an instruction to the jury that it may presume that the party did not call the witness to testify at trial because the witness' testimony was adverse to its case.

Noncompliance with this Order will result in such witnesses not being allowed to testify at trial. The Court expressly reserves its decision as to whether the reasons given constitute good cause shown to rebut the presumption that these witnesses should be excluded. The party informing new witnesses must produce them at its own cost for depositions to be scheduled by the other party, to be taken within two weeks if it so desires.

CIVIL NO. 96-1979 (JP)                    5

## VII. DOCUMENTARY EVIDENCE

    A.   Plaintiff: Plaintiff has included his documentary evidence in his ISC Memorandum. The Court hereby incorporates his list by reference.

    B.   Defendants: Defendants have included their documentary evidence in their ISC Memorandum. The Court hereby incorporates this list by reference.

No other documents will be admitted without leave of Court. If any party wishes to use any document not listed herein, it must serve the document on all other parties and notify the Court of its intent to use the document, explaining its relevance and why its existence or materiality was not known at the time of this Conference, on or before **February 2, 2001**. The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.

## VIII. DISCOVERY

The parties have agreed that they will conduct only the following discovery:

    A.   Plaintiff

        1.   Depositions

            a.   From December 4-8, 2000, Plaintiff shall depose the eleven witnesses identified in Defendants' ISC Memorandum.

CIVIL NO. 96-1979 (JP)                6

        b.   On January 29, 2001, Plaintiff shall depose Defendants' witness on valuation of damages.

        c.   On January 31, 2001, Plaintiff shall depose Defendants' witness on correctional administration.

B.   Defendants

    1.   Depositions

        a.   Plaintiff - December 4, 2000.

        b.   On January 29, 2001, Defendants shall depose Plaintiff's witness on valuation of damages.

        c.   On January 31, 2001, Defendants shall depose Plaintiff's witness on correctional administration.

All depositions are taken day-to-day until finished. All the discovery the parties are to conduct has been scheduled herein with their knowledge and consent. Unless the parties agree otherwise, depositions that begin in the morning shall break for lunch at 12:30 p.m. and shall resume at 1:30 p.m. No further discovery is to be allowed without leave of the Court, and if leave is granted, the rules as herein stated apply to this further discovery. If any other judge schedules anything for the same date as any of the scheduled depositions, the attorney is to inform that judge that by order of this Court the depositions in this case have already been scheduled and that this Order because it was entered first takes precedence over the others. The Court includes this section as part of the

AO 72A
(Rev.8/82)

CIVIL NO. 96-1979 (JP)                    7

foregoing Order after having been brought to the Court's attention by an attorney in <u>De Jesús Colón, et al. v. Toledo Dávila, et al.</u>, Civ. No. 99-1511(JP).

### IX.   JOINDER AND DISPOSITIVE MOTIONS

Any motions for joinder of parties, for amendment of pleadings or third-party complaints must be filed on or before **October 20, 2000**. In addition, the Court **GRANTS** until **February 23, 2001**, for the filing of any and all dispositive motions; if not filed by said date, the arguments thereunder shall be deemed waived. Responses shall be filed within **ten days**. Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, which may include the imposition of a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading.

### X.   SCHEDULE WITH THE COURT

Pretrial is **SET** for **March 12, 2001, at 4:00 p.m.** While at the Pretrial Conference, the attorneys are **ORDERED** to have their clients available by phone, under penalty of fine. Trial is **SET** for **March 26, 2001, at 9:30 a.m.** Five working days prior to the date of trial, the parties shall:  (1) submit proposed jury instructions, if any, together with citations of authorities in support of the proposed instructions; (2) meet and mark all exhibits to be offered at trial, for identification; and (3) notify the Court in writing whether any witnesses will require the assistance of an interpreter. Failure to

CIVIL NO. 96-1979 (JP)                           8

comply with this Order is at the risk of the proponent of the evidence not submitted in accordance with the above requirements.

The dates specified herein were agreed to or otherwise ordered by the Court at the Conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered before the event. These dates shall not be changed. If changed, the same is at the risk of the party interested in the information or discovery and in no event shall affect the subsequent course of the action as scheduled herein. Fed. R. Civ. P. Rule 16.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of July, 2000.

*[signature]*

JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE

s/c (3)

JUL 1 2 2000