IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO RAMOS SANTOS, | |
| Plaintiff | |
| vs. | CIVIL NO. 96-1979(JP) |
| WILFREDO RAMOS TIRADO et al., | |
| Defendants | |

**OPINION AND ORDER**

I.  **INTRODUCTION AND BACKGROUND**

Plaintiff, a maximum security inmate of the Division of Corrections of the Commonwealth of Puerto Rico, located in Ponce, filed the instant action on August 13, 1996 in a pro-se capacity, under 42 U.S.C. § 1983, alleging that Defendants had violated his civil rights. He specifically claimed that on July 2, 1996, he was unjustly beaten in his cell by Defendant correctional officers after he denied that he possessed a contraband cellular phone. On July 31, 1998, a Court appointed attorney filed a Notice of Appearance on behalf of Plaintiff. On November 9, 1999, Plaintiff tendered an Amended Complaint. Thereafter, Plaintiff requested leave to file a second amended complaint. The Court granted the same, and Plaintiff filed his Second Amended Complaint on December 8, 1999.

Certain Defendants filed answers to the Amended Complaint: On December 10, 1999, co-Defendants Natanael Ruiz Vázquez, José

CIVIL NO. 96-1979(JP)                    2

Feliciano Suárez[1], Wilfredo Ramos Tirado, Marcelino Rivera Alicea and Joel Caba Caraballo filed their answer to the Complaint; on August 2, 2000, co-Defendants Rafael Oliver-Báez, Eddie Flores-Tirado, José J. García-Vega and Eduardo Rosario filed their answer; and on August 15, 2000, co-Defendants Wilfredo Ramos Tirado and Marcelino Rivera Alicea filed what they termed an Answer to the Second Amended Complaint.

On July 3, 2000, Attorneys Ramón E. Dapena and Rosalie Irizarry Silvestrini, for Plaintiff, and Attorney Gloria Robison Guarch for co-Defendants Natanael Ruiz Vázquez, José Feliciano Suárez, Wilfredo Ramos Tirado, Marcelino Rivera Alicea and Joel Caba Caraballo met with the Court for an Initial Scheduling Conference. An Initial Scheduling Conference Order was entered on July 12, 2000. Said Order contained seventeen stipulations of fact agreed to by all parties in attendance at the conference.

On June 11, 2001, co-Defendants Rafael Oliver Báez, Eddie Flores Tirado, José J. García Vega and Eduardo Rosario filed a Motion for Summary Judgment arguing that Plaintiff will not be able to establish at trial that these co-Defendants beat him or violated his civil rights. Plaintiff filed an opposition thereto on July 13, 2001. By Order dated July 26, 2001, this Court denied Defendants' motion after finding that there were genuine issues of material fact in dispute concerning the circumstances under which Defendants used force against Plaintiff.

---

[1] Partial Judgment was entered on July 7, 1998 dismissing the Complaint against co-Defendant José Feliciano Suárez. Therefore, the Court does not know why said co-Defendant has continued to file motions in this action.

CIVIL NO. 96-1979(JP)                    3

On July 27, 2001, Plaintiff and co-Defendants Natanael Ruiz Vázquez, Wilfredo Ramos Tirado, Marcelino Rivera Alicea, Luis A. Feliciano Cruz, Rafael Oliver Báez, Eddie Flores Tirado, José J. García Vega, Eduardo Rosario, Sergeant Rodríguez, William Torres Santiago, Joel Caba Caraballo and Iboll Martínez filed the Joint Proposed Pre-trial Order for the Court to review in preparation for the Pre-Trial Conference scheduled to take place on August 2, 2001.[2] The Court notes that the joint proposed order was filed twenty-four days late. On July 30, 2001, the aforementioned parties filed an Amended Joint Proposed Pre-trial Order. In the July 27, 2001 proposed order, co-Defendants argued that the facts alleged in the Second Amended Complaint pertaining to a beating which Plaintiff claims to have suffered on April 27, 1997 are time-barred by the statute of limitations, and that the complaint should be dismissed because 1) Plaintiff failed to state a cognizable claim, 2) all Defendants are protected by qualified immunity, and 3) Plaintiff failed to make out a claim of supervisory liability against the defendant supervisors.

**II. DISCUSSION**

A.   Statute of Limitations Defense

Federal Rule of Civil Procedure 8(c) requires that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter

---

[2] The Court notes that the same co-Defendants filed a document entitled Defendants' Proposed Pre-trial Order on July 3, 2001. However, pursuant to the Order dated February 14, 2001, both parties were required to file a Proposed Pre-trial Order together. As Defendants' filing did not include Plaintiff, it did not comply with the proposed pre-trial order requirement of this Court.

CIVIL NO. 96-1979(JP)                    4

constituting an avoidance or affirmative defense." Thus, defendants must plead statute of limitations and all affirmative defenses in their answers. See McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996). "Affirmative defenses [that are] not pleaded are waived." Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994). In the case at bar, Defendants failed to raise the statute of limitations defense in their answer to the Second Amended Complaint. Instead, they have opted to raise it in their proposed Pre-Trial Order, six days before the Pre-Trial Conference.[3] The purpose of Rule 8(c)'s affirmative defense pleading requirement is to afford the Court and other parties fair warning that a particular defense will be pursued. By neglecting to plead the statute of limitations defense in their answer to the Second Amended Complaint, Defendants **WAIVED** that defense. Accordingly, Defendants' prayer that this Court deem the incidents that allegedly occurred on April 27, 1997 as time-barred is hereby **DENIED**.

B.  Certain Defendants' Prayers for Dismissal Based on Qualified Immunity and Lack of Supervisory Liability

The dispositive motion deadline in the instant case was June 11, 2001. As previously stated, co-Defendants Rafael Oliver Báez, Eddie Flores Tirado, José J. García Vega and Eduardo Rosario filed a Motion for Summary Judgment on said date but failed to argue qualified

---

[3] While co-Defendants Natanael Ruiz Vázquez, José Feliciano Súarez, Wilfredo Ramos Tirado, Marcelino Rivera Alicea and Joel Caba Caraballo raised the statute of limitations arguments in their ISC Memorandum, they failed to do so in an answer to the Second Amended Complaint and thereby waived the same.

CIVIL NO. 96-1979(JP)                    5

immunity or lack of supervisory liability in their dispositive motion. Therefore, they are now **BARRED** from arguing these defenses 19 days before trial. Moreover, said motion was already denied.

Co-Defendants Natanael Ruiz Vázquez, Wilfredo Ramos Tirado, Marcelino Rivera Alicea, Joel Caba Caraballo, Sergeant Rodríguez, William Torres Santiago, Iboll Martínez and Luis Feliciano Cruz did not raise these defenses in their answers and neglected to file a dispositive motion on July 11, 2001.[4] Instead they opted to put forth these defenses in their Proposed Pre-Trial Order. This Court is appalled by this type of sloppy motion practice. The federal docket is replete with costly time consuming litigation. The importance of this Court's Orders setting dispositive motion deadlines is to streamline this litigation and reduce the cost and delay that so frequently characterizes it. Defendants noncompliance with the Order setting the deadline to file dispositive motions to the Second Amended Complaint flew in the face of this Court's pre-trial procedure, and upset its case management system. Rule 37 of the Federal Rules of Civil Procedure provides that if a court enters an order concerning motion practice but a party does not comply with it, the court may prohibit that party from introducing designated matters into evidence. Fed. R. Civ. P. 37(b)(2); see also Ortiz-López v. Sociedad Española de Auxilio Mutuo Y Beneficiencia de Puerto

---

[4] The Court notes that co-Defendants Sergeant Rodríguez, William Torres Santiago, Iboll Martínez and Luis Feliciano Cruz never filed an answer to the Second Amended Complaint.

CIVIL NO. 96-1979(JP)                    6

Rico, 248 F.3d 29 (1st Cir. 2001). Accordingly, as Defendants failed to comply with this Court's Order setting the dispositive motion deadline for June 11, 2001, they are now **PROHIBITED** from introducing such arguments at this late date.

### III. PRELIMINARY ORDERS

It is an understatement to say that this case has been fraught with numerous pre-trial problems. Therefore, it has come to the Court's attention that the following **ORDERS** are required:

1. There is no proof that service of the Second Amended Complaint was executed on co-Defendants Alfredo Torres and Ariel Rodríguez and they have not consented to jurisdiction by appearing before this Court. As more than 120 days have passed since the Second Amended Complaint was filed, as we are now at the eve of trial, and Plaintiff has failed to serve these co-Defendants, the Court hereby **DISMISSES** the Amended Complaint against co-Defendants Alfredo Torres and Ariel Rodríguez pursuant to Federal Rule of Civil Procedure 4(m);

2. Co-Defendants William Torres Santiago, Iboll Martínez, José Castellar Pacheco and Luis A. Feliciano, were granted until August 14, 2000 to answer the Second Amended Complaint or otherwise plead. As they have failed to do so, the Court hereby **ORDERS** these co-Defendant to **SHOW CAUSE** on or before **August 2, 2001** as to why default should not be entered against them;

CIVIL NO. 96-1979(JP)                              7

3. Co-Defendant Zoé Laboy was served with process on May 17, 2000. As more than 20 days have passed since this co-Defendant was served with process, and since she has failed to answer or otherwise plead, and as said co-Defendant has not appeared by filing a motion in this action, the Court hereby **ORDERS** Plaintiff to move for entry of default against Zoé Laboy on or before **August 2, 2001**. Failure to so move will result in the dismissal of the Second Amended Complaint against this co-Defendant.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of August, 2001.

```
                                    /s/ Jaime Pieras
                                    _____
                                    JAIME PIERAS, JR.
                                    U. S. SENIOR DISTRICT JUDGE
```