IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO RAMOS SANTOS, | * |
| Plaintiff | * |
| vs. | * CIVIL NO. 96-1979 (JP) |
| WILFREDO RAMOS TIRADO et al., | * |
| Defendants | * |

**PRE-TRIAL ORDER**

I. **INTRODUCTION**

The parties met with the Court on August 2, 2001, for a Pre-Trial Conference, represented by counsel: Ramón E. Dapena, Esq., for Plaintiff; Eduardo Vera Esq., for defendants Luis A. Feliciano, Rafael Oliver Báez, Eddie Flores, José García Vega, and Eduardo Rosario; and Gloria Robison Guarch Esq., for the Defendants Natanael Ruiz Vázquez, Wilfredo Ramos Tirado, Marcelino Rivera Alicea, Joel Caba Caraballo, William Torres Santiago, and Iboll Martínez. The Court **NOTES** that Attorney Robison-Guarch is listed as attorney of record for co-Defendant Sergeant Rodríguez. However, during the Pre-Trial Conference, Attorney Robison-Guarch informed the Court that she did not represent Sergeant Rodríguez because he had not requested legal assistance from the Department of Justice pursuant to Law Number 9 of November 26, 1975 ("Law 9"). Both parties represented to the Court that they would be willing to discuss settlement options.

II. **PRELIMINARY ORDERS**



1. Upon further consideration, the Court **GRANTS** co-Defendants oral motion for reconsideration of the Order barring them from arguing affirmative defenses. All the following co-

CIVIL NO. 96-1979(JP)                2

Defendants <u>who have filed an answer</u> to the Second Amended Complaint **SHALL** be permitted to raise and argue the Statute of Limitations defense: Natanael Ruiz Vázquez, Wilfredo Ramos Tirado, Marcelino Rivera Alicea, Rafael Oliver Báez, Eddie Flores Tirado, José J. García Vega, Eduardo Rosario, William Torres Santiago, and Joel Caba Caraballo.

2. During the Conference, the Court informed Defendants' counsel that co-Defendants William Torres Santiago, Iboll Martínez, José Castellar Pacheco and Luis A. Feliciano never filed answers to the Second Amended Complaint. During the conference, the Court ORDERED these co-Defendants to file answers to the Second Amended Complaint on or before August 3, 2001. The Court **NOTES** that these co-Defendants have now filed said answers (docket No. 134), and the Court accepts the same as tendered. Further, the Court also **NOTES** that these co-Defendants have plead the statute of limitations affirmative defense in their answer pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

3. At the conference, Attorney Robison-Guarch informed the Court that in addition to the fact that co-Defendant Sergeant Rodríguez had not requested Law 9 representation from the Department of Justice, co-Defendants Alfredo Torres, Zoe Laboy and Ariel Rodríguez had also not requested said representation. Therefore, Attorney Robison-Guarch **SHALL** file an informative motion on or before **August 6, 2001** concerning the representation status of these four co-Defendants. Further as these co-

CIVIL NO. 96-1979(JP)                  3

      Defendants have also not answered the Second Amended Complaint, if the Department of Justice will be representing them, they **SHALL** file an answer thereto on or before **August 6, 2001.**

4. Plaintiff's attorney informed the Court that he has served process on co-Defendants Alfredo Torres and Ariel Rodríguez. Plaintiff is hereby **ORDERED** to file proof of the same with this Court on or before **August 3, 2001.** Once filed, the Court will reconsider its August 2, 2001 Order dismissing these two co-Defendants from this action.

5. On or before **August 13, 2001,** which is the date of trial, Defendants **SHALL** produce all manuals pertaining to norms and procedures for the Division of Corrections in Ponce, Puerto Rico to Plaintiff's attorney. Defendants are cautioned that an instruction **SHALL** be given to the jury to the effect that they should regard any manual not produced as containing evidence adverse to Defendants' case. Plaintiff's attorney informed the Court that he would be issuing a subpoena *duces tecum* to the keeper of these records.

6. All witnesses contained in the Amended proposed Pre-Trial Order (docket No. 132) **SHALL** be permitted to testify at trial.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 3rd day of August, 2001.

                                            JAIME PIERAS, JR.
                                          U.S. SENIOR DISTRICT JUDGE